Beevaed, J.
My opinion is, that the motion ought to be refused. •1. The evidence to prove the second count in the declaration, and the evidence in justification, was left to the jury, whose province it was to decide thereon : and I am not satisfied that their decision is incorrect.
2. The witness might properly be re-examined j and he had a *96 right to explain his testimony. If he contradicted himself he was' not worthy of implicit belief. This ground, in the brief, operates in support of the verdict.
3. According to the report of the presiding judge, the irrelevant facts and circumstances, which came out in evidence, were drawn out by the counsel for the plaintiff, or in consequence of the course taken by them, in adducing evidence to maintain the several counts in the declaration, and to rebut that evidence. It furnishes no good ground for a new trial.
4. The presiding judge had a right to comment on the evidence, as well as to state it to the jury: and the evidence, as reported, seems to me to have authorized the observation he made.
5. The words might import a felony, or only a trespass, according to the manner of uttering them, and according to the cause and occasion which produced them. Their true meaning was left to the jury, as also the justification, i am not disposed to. question the propriety of their finding.
6. The verdict does not appear to me contrary to law, or evidence.
The above observations are intended to apply to the several grounds stated in the plaintiff’s brief of the motion for a new trial. In addition thereto, it was said in the argument on this motion, that the judge, in instructing the jury, said to them, that some special damage ought to have been proved, to entitle the plaintiff to recover general damage. This objection was not explained. The direction does not appear to have been given in the way in which it was represented in the argument. There seems to have been no necessity in this case to have laid down any doctrine as to special •damage, because the action was not brought to recover special damage, but for words supposed to be actionable in themselves, or made so by the aid of introductory matter, proper averments, and inuendoes. If special damage had been the gist of the action, then, indeed, the plaintiff ought to have proved the special damage laid in the declaration, or have given some evidence thereof: but as the action was for actionable words in themselves, it was not necessary to prove any special damage. Bull. N. P. 6. Cro. Ja. 213.
Gkimke, Bay, and Oolcock, Js., also of opinion a new trial ought to be denied.